NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARTRELLE LEEANDREW CARTER, *Appellant.*

No. 1 CA-CR 20-0292
FILED 6-10-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-110954-002
The Honorable Dean M. Fink, Judge

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

**B A I L E Y**, Judge:

**¶1**          Artrelle Carter argues his conviction for misconduct involving weapons resulted from fundamental prejudicial error requiring reversal and a new trial. We agree.  For the following reasons, we vacate Carter's conviction and remand for retrial.[1]

## FACTS AND PROCEDURAL HISTORY

**¶2**          Carter and his friend, D.B., were at Carter's apartment around noon one day.  While D.B. was in the shower, Carter took D.B.'s gun off the kitchen counter and put it inside D.B.'s backpack in the bedroom.

**¶3**          Early the next morning, police responded to a 911 report about a man with a gun in a parking lot.  Officers arrived and conducted a lawful stop of Carter's car.  Carter, D.B., and another passenger exited Carter's car, after which officers found a gun on the floorboard behind the passenger seat and a holster on the driver's seat where Carter had been sitting.

**¶4**          Carter told police he did not know the gun was in his car but admitted he had handled it at his apartment the previous afternoon.

**¶5**          A grand jury indicted Carter on a single charge of misconduct involving weapons—occurring "on or about March 9, 2019." *See* A.R.S. § 13-3102(A)(4) (knowingly possessing a gun as a prohibited possessor).  At trial, the State presented evidence, including the police interview about Carter's acts at his apartment and the discovery of the gun in Carter's car the next day.  After the State rested and represented that it intended to argue the jury could find Carter possessed the gun either at his apartment or in his car, the court granted Carter's request to instruct the jury about the defense of necessity related to his handling the gun in the apartment. Carter testified that he moved the gun in his apartment to prevent a child from finding it.  And he denied knowing about the gun and holster found in his car.  *See* A.R.S. § 13-105(34)-(35) (knowledge requirement for voluntary possession).

**¶6**          In closing, the State argued that Carter possessed the gun both in his apartment and in his car the following day.  The jury found

---

[1] Because we are vacating and remanding the conviction, we need not address Carter's challenge to his sentence.

Carter guilty of misconduct involving weapons and the court sentenced him to a presumptive ten-year term of incarceration.

¶7         We have jurisdiction over Carter's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 13-4031 and -4033(A)(1).

## DISCUSSION

¶8         A violation of the right to a unanimous jury verdict under Article 2, Section 23, of the Arizona Constitution, is fundamental error. *State v. Davis*, 206 Ariz. 377, 390, ¶ 64 (2003) (citing *State v. Woods*, 141 Ariz. 446, 456 (1984)); *accord State v. Delgado*, 232 Ariz. 182, 188, ¶ 19 (App. 2013); *State v. Waller*, 235 Ariz. 479, 489, ¶ 34 (App. 2004); *see also State v. Escalante*, 245 Ariz. 135, 141, ¶¶ 18-20 (2018) (discussing three types of fundamental error). The State concedes that Carter was convicted of a duplicitous charge, meaning that although the indictment charged a single offense, the State presented evidence of multiple acts to support a conviction. *See Delgado*, 232 Ariz. at 188, ¶ 18; *State v. Klokic*, 219 Ariz. 241, 243-44, ¶¶ 11-12 (App. 2008). Because Carter failed to object at trial, our review is for fundamental error. *See Davis*, 206 Ariz. at 390, ¶ 62; *Delgado*, 232 Ariz. at 188, ¶¶ 18-19.

¶9         The State maintains Carter cannot show prejudice because his testimony lacked credibility and the sufficiency and overwhelming weight of the evidence against him supports his conviction.

¶10         On fundamental error review, a defendant convicted on a duplicitous charge must "establish[] prejudice by demonstrating that the jury may have reached a nonunanimous verdict." *Delgado*, 232 Ariz. at 188, ¶ 19; *see also Davis*, 206 Ariz. at 390, ¶ 64; *see generally Escalante*, 245 Ariz. at 140-44, ¶¶ 16-21, 28-37 (stating standards and requirements for fundamental error review and relief). "[W]hether substantial evidence of guilt exists is not the standard for deciding prejudice" under fundamental error review. *Escalante*, 245 Ariz. at 145, ¶ 34 (internal quotation marks omitted); *see also State v. Paredes-Solano*, 223 Ariz. 284, 291, ¶ 22 (App. 2009) (stating substantial evidence that the defendant committed each of the actions "is not the test"). As *Escalante* explains, "the proper inquiry is whether, without the error, a reasonable jury could have reached a different result, even if substantial evidence of guilt exists." 245 Ariz. at 144, ¶ 34; *id.* at ¶ 31 ("The standard is an objective one, and requires a showing that without the error, a reasonable jury could have plausibly and intelligently returned a different verdict").

**¶11** Here, like the defendants in *Davis* and *Paredes-Solano*, Carter offered different defenses to acts that occurred on different dates. *See Davis*, 206 Ariz. at 389-90, ¶¶ 58-59, 65; *Paredes-Solano*, 223 Ariz. at 291, ¶¶ 20-21. At trial, he denied knowing of the gun in his car; he admitted he handled the gun in his apartment the day before, but only to prevent a child from finding the gun. The jury asked questions about both occasions, and the State told the jury during closing argument it could convict Carter based on either set of events.

**¶12** On this record, as in *Davis*, *Klokic*, and *Paredes-Solano*, there is a real possibility of a non-unanimous jury verdict because some jurors may have convicted Carter based only on his possession of the gun in the parking lot, while other jurors may have convicted him based only on his possession of the gun in the apartment without justification. *See generally Escalante*, 245 Ariz. at 142, 144, ¶¶ 21, 29. Because Carter has shown sufficient prejudice, we must vacate and remand his conviction. *See Davis*, 206 Ariz. at 389-91, ¶¶ 58-59, 65-66 (vacating and remanding because evidence of multiple acts occurring eleven days apart with different defenses made it possible that some jurors may have believed the alibi defense for one date and convicted based on the other date, while other jurors may have disbelieved the alibi and convicted); *Paredes-Solano*, 223 Ariz. at 291, 293, ¶¶ 20-21, 28 (vacating and remanding because different dates of the acts and separate defenses rendered the basis for the jury verdict unclear); *Klokic*, 219 Ariz. at 248, ¶ 30 (reversing and remanding; "as in *Davis*, although some jurors might have dismissed Klokic's claims [of separate alternative defenses to the separate acts] across the board, it is entirely possible that different jurors believed different facts with respect to each of the acts . . . [and] there is a distinct possibility that the jury was not unanimous as to the act or acts that gave rise to Klokic's criminal liability").

## CONCLUSION

**¶13** For the reasons stated, we vacate Carter's conviction and remand for retrial.

